

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

2000 AUG 11 PM 1: 28

JOHN G. ARMENIA, ALFRED L.      .
CALCIANO, Individually, and      .
INNOVATIVE RESEARCH AND      .
DEVELOPMENT CORPORATION,      .
                                                       .
a Florida Corporation,                     .        Case No. 2:00 CV-254-FTM-201
    Plaintiffs,                              .
                                                       .
vs.                                              .
                                                       .
SAMAR COMPANY, INC.,              .
a Massachusetts Corporation,         .
and WILLIAM SELBY, Individually,   .
                                                       .
    Defendants.                            .
...................................................

### Samar and Selby's Answer and Affirmative Defenses

Samar Company, Inc. ("Samar") and William Selby, individually ("Mr. Selby") submit the following answer to Innovative Research and Development Corporation ("Innovative Research"), John G. Armenia ("Mr. Armenia") and Alfred L. Calciano's ("Mr. Calciano") above-styled complaint. Each answer paragraph will directly correspond to the to the similarly numbered complaint paragraph.

### General Allegations

1.    Without knowledge as residency; denied as to the remaining allegations.

2.    Without knowledge.

3.    Admitted.

4.    Denied.

5.    Admitted.

6.    Admitted.

7.      Without knowledge.

8.      Without knowledge.

9.      Without knowledge.

10.     Denied.

11.     Without knowledge.

12.     Admitted as to dates of submission; denied as to the remaining allegations.

13.     Admitted as to issuance of letters of patent; denied as to the remaining allegations.

14.     Admitted as to date of admission; denied as to the remaining allegations.

15.     Admitted as to issuance of letters of patent; denied as to the remaining allegations.

16.     Without knowledge.

17.     Admitted as to contact with Mr. Selby in his corporate capacity; denied as to the remaining allegations.

18.     Denied.

19.     Admitted as to the rescheduling of the meeting; denied as to the remaining allegations.

20.     Admitted that information was delivered to Samar; denied as to the remaining allegations.

21.     Admitted as to Samar; denied as to Selby.

22.     Admitted as to a discussion with Samar of the invention in general terms; denied as to the remaining allegations.

23.     Denied.

24.     Denied.

25.     Admitted as to conversations taking place; denied as to the remaining allegations.

26.     Denied.

27.     Admitted as to no further contact; denied as to the remaining allegations.

28.    Admitted as to the first two (2) sentences; denied as to the third (3) sentence.

29.    Without knowledge.

## COUNT I
### Injunction and Damages for
### Breach of Confidential Disclosure Agreement

30.    Samar and Selby reallege answer paragraphs 1-29.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

## COUNT II
### Theft of Trade Secrets

35.    Samar and Selby reallege answer paragraph 1-29.

36.    Denied.

37.    Denied.

38.    Admitted as to disclosure of the patent application; denied as to the remaining
allegations.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

## COUNT III
### Patent Infringement

46.  Denied.

47.  Samar and Selby reallege answer paragraphs 1-29.

48.  Without knowledge.

49.  Denied.

50.  Denied.

51.  Denied.

52.  Denied.

53.  Denied.

54.  Denied.


## COUNT IV
### Common Law Unfair Competition

55.  Samar and Selby reallege paragraphs 1-29.

56.  Denied.

57.  Denied.

58.  Denied.

### Affirmative Defenses

59.  The plaintiff's complaint fails to state a cause of action because it improperly pleads separate counts as a single count.  Specifically, complaint counts I and IV contemporaneously plead actions for damages and injunctive relief and therefore should be dismissed.

60.   Selby is an improper party to this action. Specifically, the complaint does not contain any allegations to support a piercing of a corporate veil or that Mr. Selby's alleged acts were outside of his duties as an agent/officer of Samar. Therefore, plaintiff's complaint as to Mr. Selby should be dismissed.

61.   Plaintiffs' claims for patent infringement are invalid because the patents claimed are invalid.

_____
Peter J. Mackey
Florida Bar No. 629138
MACKEY, MACKEY & HALL, P.A.
1402 Third Avenue West
Bradenton, Florida 34205
Telephone: (941) 746-6225
Local counsel for Samar Company, Inc.
and William Selby

Daniel Berman
Hancock & Estabrook, LLP
1500 MONY Tower 1
Syracuse, New York 13221-4976
Telephone: (315) 471-3151
Counsel for Samar Company, Inc.
and William Selby

## Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to M. Brian Cheffer, Esq., P.O. Box 60259, Fort Myers, Florida 33906, William Noonan, Esq., P.O. Box 07338, Fort Myers, Florida 33919 on August 9, 2000.

_____
Attorney